CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 1 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MERAL, INC., )
)
    Appellant, )    Civil Action No. 7:16CV00059
v. )
)     **MEMORANDUM OPINION**
)
XINERGY LTD., et al., )     By: Hon. Glen E. Conrad
)     Chief United States District Judge
    Appellees. )

This appeal from an order entered by the United States Bankruptcy Court for the Western District of Virginia is presently before the court on the appellees' motion to dismiss and the appellant's motion for extension of time to file an opening brief. For the reasons that follow, the appellees' motion will be denied and the appellant's motion will be granted.

### Background

On February 15, 2016, appellant Meral, Inc. ("Meral") filed a notice of appeal from the bankruptcy court's order sustaining the appellees' objections to Meral's claims in the bankruptcy proceeding. A briefing notice was issued on April 11, 2016, which required Meral to file its opening brief by May 12, 2016. Due to a clerical error, Meral's counsel did not receive the briefing notice. Consequently, after conferring with Meral's counsel, the Clerk's Office issued an amended briefing notice on May 3, 2016. The accompanying docket entry indicated that Meral's opening brief was due by June 2, 2016.

On June 8, 2016, after no opening brief had been filed, the appellees moved to dismiss the appeal, pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4). Two days later, Meral filed its opening brief, along with a motion for extension of the briefing deadline. In its motion, Meral contends that, based on the communications that its counsel had with the Clerk's Office, it

believed that the deadline for filing its opening brief had been extended by 30 days from the original deadline and, thus, that the brief was not due until June 13, 2016. The appellees oppose the requested extension and continue to seek dismissal of the appeal.

**Discussion**

Under Rule 8018(a)(4), the court has the discretion to dismiss an appeal if an appellant fails to file a brief on time. Fed. R. Bankr. P. 8018(a)(4). In exercising its discretion, the court must:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). In applying this test, the court must "consider and balance all relevant factors," and "bear in mind that, although dismissal is an option, less drastic alternatives must be considered," because dismissal "is a harsh sanction which . . . must not [be] impose[d] lightly." In re SPR Corp., 45 F.3d 70, 73-74 (4th Cir. 1995) (quoting Serra, 970 F.2d at 1311).

In this case, Meral immediately responded to the appellees' motion to dismiss and provided an explanation for the eight-day delay in filing its opening brief. Although a docket notation indicated that the brief was due on June 2, 2016, the court credits Meral's explanation for the late filing. Moreover, the short length of the delay, combined with a lack of bad faith on the part of Meral or resulting prejudice to the appellees, weigh against dismissal, as does the availability of alternative sanctions to compensate the appellees for their time in bringing their motion. Accordingly, the court declines to dismiss the appeal on account of the late filing of Meral's opening brief. Instead, the court will entertain a motion for attorneys' fees by the appellees or a motion for extension of the deadline for the appellees' response brief.

2

## Conclusion

For the reasons stated, the appellees' motion to dismiss the appeal will be denied, and Meral's motion for extension of time will be granted. The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This ⟶1st⟵ day of July, 2016.

_____
Chief United States District Judge